PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* IGNACIO HERNÁNDEZ, Defendant and Appellant.

No. 3179. Argued May 25, 1927.—Decided May 26, 1927.

*V. Polanco de Jesús* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The complaint in this case reads in part as follows:

". . . . That on December 25, 1926, at 1:25 p. m., on Palmer St., of Ciales, P. R., of the municipal judicial district of Ciales which forms part of the judicial district of Arecibo, P. R., then and there, the aforesaid defendant Ignacio Hernández, illegally, maliciously and wilfully, violated section 553 of the Penal Code as amended, by keeping open to the public his establishment on Palmer St., of Ciales, P. R., because the 25th of December, 1926, was Christmas day, a legal holiday, falling on a Saturday, and the police proceeded to bring a charge against the defendant for the violation of the aforesaid act, consisting in not closing his establishment at 12 a. m. as provided by section 553."

The trial was had in the district court on the following stipulation:

"1. The defendant admits that on the day mentioned in the in-

formation, namely, the 25th of December, 1926, he kept his establishment open after midday doing business.

"2. Both parties agree and admit that that day, December 25, 1926, was a legal holiday and a Saturday.

"3. Both parties admit that the Closing Act originated in the House of Representatives of Porto Rico and that it had been introduced in Spanish; that it is thereby established that on legal holidays and after 12 noon all commercial and industrial establishments shall remain closed; and that ON ALL SATURDAYS they shall remain open until 9 p. m."

The court convicted the defendant and fined him ten dollars, whereupon he appealed to this court.

The defendant alleges that the complaint does not charge any offense because it is not therein alleged that the defendant carried out any business transaction. He invokes the decision of this court in *People v. González,* 35 P.R.R. 511.

The law applicable to the case, section 553 of the Penal Code as amended by Act No. 18 of 1925, p. 136, is as follows:

"Section 553.—That all day Sundays, except when the 24th of December and the 1st and 5th of January fall on Sunday; on the first Monday in September (Labor Day) and the 4th of July; on all legal holidays from 12 A. M.; on all working days from 6 p. m., and on the 24th and 31st days of December, and the 5th day of January of each year from 10 p. m., commercial and industrial establishments shall remain closed to the public; . . . ."

As it is required by that law that the establishments in question *shall remain closed* on the days and during the hours therein mentioned, it is sufficient if the complaint allege that the defendant had his establishment "with all doors open to the public." The complaint goes further It sets forth that the defendant infringed the law "because he failed to close his establishment at 12 a. m."

The *González Case, supra,* is not applicable. There it was a question as to the insufficiency of the evidence. We quote therefrom as follows:

"The evidence tended to show that on a Sunday the defendant had two doors of his commercial establishment open, albeit they

were shut off by a gate in front of each of them and that there was a desk behind one of those gates. No person was seen going in or coming out of the store."

The court held that it was not sufficient to support a conviction under section 553 of the Penal Code as amended by Act No. 18 of 1925.

The appellant also alleges that as the day on which he had been charged was a Saturday, he could legally keep his establishment open and transact business, even though it were a legal holiday, in accordance with the provisions of that very law.

It is true that the law provides that the establishments shall remain closed "on all Saturdays after 9 p. m." but it is therein previously stated that they shall remain closed "on all legal holidays from 12 a. m.," and in such case we must reconcile the two provisions. There is no doubt that the words "on all Saturdays" mean "on all Saturdays which are not legal holidays."

The judgment appealed from must be affirmed.